BORDER BROKERAGE CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 75-9-02194

Before FORD, *Judge.*

---

[3] The court recognizes the decision made in *United States* v. *Goodman,* 6 CIT 133 (1983) but is not inclined to follow the *discretion* utilized by the court in that decision in applying section 2644.

(Decided November 22, 1983)

*George R. Tuttle, P.C. (Stephen S. Spraitzar* at the trial and on the brief and *George R. Tuttle* at the trial) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch *(Robert H. White* at the trial), for the defendant.

FORD, *Judge:* This action is before the Court for determination of the proper classification of certain merchandise described on the invoices as "Madill type 071" Skidder towers or components thereof.[1] They were classified under item 664.10, Tariff Schedules of the United States, as modified by T.D. 68–9, and assessed with duty at 5.5 percent ad valorem. Said item provides for "elevators, hoists, winches, cranes, jacks, pulley tackle, belt conveyors, and other lifting, handling, loading or unloading machinery, and conveyors, all the foregoing and parts thereof not provided for in item 664.05."

Plaintiff contends the imported merchandise is used for the harvesting of trees, and as such entitled to entry free of duty under item 666.00, TSUS, as agricultural implements. In *United States* v. *Border Brokerage Co.,* 2 CIT 326 (1981) *aff'd, United States* v. *Border Brokerage Co.,* 706 F.2d 1579 (Fed. Cir. 1983), the Court held following the decision in *Norman G. Jensen, Inc.* v. *United States,* 76 Cust. Ct. 42, C.D. 4634; 408 F. Supp. 1379 (1976) *aff'd, United States* v. *Norman G. Jensen,* 64 CCPA 51, C.A.D. 1183, 550 F.2d, 662 (1977) that the harvesting of trees constituted an agricultural pursuit, and merchandise used for such purposes to be within the provision for agricultural implements as provided for in item 666.00, TSUS.

Certain portions of the record in 2 CIT 326, *supra,* were incorporated in the instant case as well as six exhibits. The matter was set for trial in Portland, Oregon, and plaintiff introduced the testimony of four witnesses and fourteen exhibits were received on its behalf. Defendant offered the testimony of one witness and introduced two exhibits.

After the filing of plaintiff's brief, defendant has consented to entry of judgment in lieu of filing a brief. In view of the foregoing, judgment will be entered for plaintiff.

---

[1] Entry No. 113855—1 only Madill type 071, serial No. 03925, five drum skidder tower complete with 49′ seamless tube spar with fairleads, three guyline blocks and three hydraulic guyline winches. (Less undercarriage); Entry No. 114045—1 only Madill five drum skidder tower model 071, serial No. 03926, complete with 49′ seamless tube spar with fairleads, three hydraulic guyline winches and controls. (Less undercarriage); Entry No. 117215—1 only Madill type 071, serial No. 21962, five drum skidder tower, three hydraulic guyline winches, instrument panel and hydraulic controls and operators' cab. (Less undercarriage); Entry No. 117215—1 only Madill type 071, serial No. 21961, five drum skidder tower, three hydraulic guyline winches, instrument panel and hydraulic controls and operators' cab. (Less undercarriage); Entry No. 122148—1 only Madill Model 071 spar tube complete with fairleads and sheaves installed. (Less guyline blocks and straps).